UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TAVARES KEITH FINCHAM, :
:
      Petitioner : No. 4:CV-05-1835
:
  vs. : (Petition Filed 9/12/05)
:
THE FEDERAL BUREAU OF PRISONS, : (Judge Muir)
:
      Respondent :

**ORDER**

October 4, 2005

    Tavares Keith Fincham, an inmate presently confined in the Federal Prison Camp, Lewisburg, Pennsylvania, filed pro se, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the Bureau of Prisons' (BOP) calculation of his good conduct time credits. (Doc. No. 1). The petition has been given preliminary consideration pursuant to Rue 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977)(In applications for habeas corpus cases not covered by Rule 1, subdivision (a), which addresses application under 28 U.S.C. §2254, subdivision (b) provides that the rules may be applied at the discretion of the United States district court), as it is the duty of the Court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary

answer. Allen vs. Perini, 424 F.2d 134, 141 (6th Cir. 1970).[1] For the reasons outlined below, the petition will be denied.

Background

On January 9, 1998, the petitioner was convicted by a jury in the United States District Court for the Eastern District of Virginia, of conspiracy to distribute 50 grams or more of cocaine base and distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(A)(1) and 846. (Doc. No. 1, petition). He was sentenced to one hundred twenty-one (121) months imprisonment and sixty (60) months probation. Id. As noted above, Fincham is challenging the BOP's calculation of his good conduct time credits. He correctly states that "18 U.S.C. § 3624(b) provides that a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit towards the service of the prisoner's sentence . . . of up to

---

[1]Rule 4 provides in relevant part:

> The Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the Petitioner.

2

54 days at the end of each year of the prisoner's term imprisonment." (Doc. No. 1, p. 4). However, he argues that the BOP's interpretation of the statute is contrary to the intent of Congress that prisoners are eligible to earn 54 days for each year of imprisonment in that, under the BOP's policy, the maximum allowable total time credit that can be awarded to a prisoner sentenced to a year and a day is approximately 47 days because the BOP bases its calculations on the actual time in prison, rather than the sentence imposed. (Doc. 1, pp. 4-8).

Discussion

The statutory authority for awarding good conduct time to federal prisoners is as follows:

> A prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624 (emphasis added).

The BOP has promulgated a rule reflecting its interpretation of the good time credit statute: "an inmate earns 54 days toward

service of sentence (good conduct time credit) <u>for each year served</u>." 28 C.F.R. § 523.20 (emphasis added). The BOP has also issued, as part of his Sentence Computation Manual, Program Statement 5880.28 which provides that "54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year." The BOP requires an inmate to satisfactorily complete a year of service prior to the award of GCT credit. GCT credit is not bestowed in advance of service, it is awarded only after it is earned. The BOP has interpreted the statute to require the award of 54 days of GCT be subtracted from the remainder of the term to be served, not from the year already served that merited the GCT.

Fincham claims that the BOP's interpretation of the phrase "term of imprisonment" in section 3624(b) is erroneous, and that the phrase refers to the prisoner's sentence, rather than the time served. He claims that the phrase "term of imprisonment" is unambiguous and that pursuant to Chevron U.S.A., Inc. vs. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), no deference is to be given to the BOP's interpretation of § 3624(b).

This issue was very recently addressed by the Court of

4

Appeals for this circuit, and it rejected the position advanced by Ramirez-Ramiro.  See O'Donald vs. Johns, 402 F.3d 172 (3d Cir. 2005).  In O'Donald, the Third Circuit concluded that the BOP's interpretation of § 3624(b) is reasonable, and thus entitled to deference. O'Donald,402 F.3d at 174.  This position is consistent with that taken by the First, Sixth, Seventh and Ninth Circuit Courts of Appeals, which have also concluded that the BOP's position reflects a reasonable interpretation of 18 U.S.C. § 3624(b).  See Perez-Olivio vs. Chavez, 394 F.3d 45, 49 (1st Cir. 2005); White vs. Scibana, 390 F.3d 997 (7th Cir. 2004); Pacheco-Comancho vs. Hood, 272 F.3d 1266 (9th Cir. 2001); Brown vs. Hemingway, 53 Fed. Appx. 338, 339 (6th Cir. 2002)(unpublished decision).  Several judges of this court, including the undersigned,  have also addressed the issue and found the BOP's interpretation to be reasonable.  See Primrose vs. Holt, Civil No. 1:CV-04-2717 (M.D. Pa. March 24, 2005)(Caldwell, J.); Germany vs. Smith, Civil No. 3:CV-04-2560, 2005 WL 428585, at *1 (M.D. Pa. Feb. 23, 2005)(Vanaskie, C.J.); Gilbert vs. Smith, Civil No. 3:CV-05-0251 (M.D. Pa. Feb. 15, 2005)(Nealon, J.); Hines vs. Nash, Civil No. 3:CV-04-2748 (M.D.Pa. Dec. 27, 2004)(Munley, J.);  Mendez-Soto vs. Apker, Civil No. 3:CV-04-2566,   (M.D.Pa. Dec. 16, 2004) (Conaboy, J.); Lopez vs.

Williamson, Civil No. 4:CV-04-2390 (M.D.Pa. Dec. 14, 2004) (Jones, J.); Baldwin vs. Angeline, Civil No. 3:CV-03-1144 (M.D.Pa. Jan. 28, 2004) (Caputo, J.). Accordingly, in light of O'Donald, the habeas corpus petition will be denied.

**IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus(Doc. No. 1) is **DENIED**.

3. The Clerk of Court is directed to **CLOSE** this case.

        s/Malcolm Muir

        ―――――――――――――――――――
        MUIR
        United States District Judge